IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert G., ) | Case No.: 0:23-cv-02128-JD-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Martin J. O'Malley, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Paige G. Gossett ("Report and Recommendation" or "Report" or "R&R") under Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Robert G.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Martin J. O'Malley,[2] Commissioner of Social Security Administration ("Defendant" or "Commissioner"), denying him Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). The Magistrate Judge issued a Report and Recommendation on July 10, 2024, recommending the Commissioner's decision be affirmed. (DE 26.) On July 24, 2024, Plaintiff objected to the Report (DE 27), and Defendant replied in opposition on August 8, 2024. (DE 28.) Having carefully considered Plaintiff's objection and the applicable law, the Court affirms the decision of the Commissioner.

---

[1]  The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2]  Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023.  Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

1

**BACKGROUND**

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates here without a full recitation. (DE 26.) However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary. Plaintiff was 38 years old on the alleged disability onset date, May 29, 2020, and seeks disability benefits based on lumbar degenerative disc disease and facet arthrosis. (DE 9-2, p. 6.) Plaintiff has past relevant work experience as a truck driver and material handler. (DE 9-2, pp. 65-66.)

Plaintiff's Objection to the Report and Recommendation contends: (1) "the ALJ failed to provide a function-by-function analysis and provide any specific evaluation of relevant evidence supportive of Plaintiff's subjective allegations" (DE 27, pp. 1-2); (2) "the ALJ failed to properly consider all of [Plaintiff's] symptoms and the medical evidence that supported those symptoms" (*id.*, p. 4); and (3) the ALJ erred in finding Dr. Williams's opinion unpersuasive (*id.*, p. 7). Plaintiff requests that this matter be remanded with an award of benefits or, in the alternative, remand for further administrative proceedings. (*Id.*, p. 10.) Conversely, the Commissioner asks the Court to overrule Plaintiff's Objections, adopt the Magistrate Judge's R&R, and affirm the final decision of the Commissioner. (DE 28, p. 5.)

**LEGAL STANDARD**

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a

2

party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court only reviews the report and recommendation for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); *see also Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."[3] 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard. *See Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitute the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for

---

[3] "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only— "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## **DISCUSSION**

First, as to Plaintiff's objection about the failure of "the ALJ [] to provide a function-by-function analysis and provide any specific evaluation of relevant evidence supportive of Plaintiff's subjective allegations" (DE 27, pp. 1-2), the Court finds that these objections are principally the same arguments Plaintiff made in his initial brief, namely, that the Magistrate Judge did not directly address the records that Plaintiff cited in support of his subjective reports and a more limited Residual Functional Capacity ("RFC"). (Compare DE 27, pp. 1-3, with DE 16, pp. 19-21.) Specifically, Plaintiff objects to the following:

> the ALJ cited "tenderness" or "mild tenderness" and "full range of motion" of the lumbar spine (Tr. 61). The evidence shows [Plaintiff's] lumbar range of motion was limited by pain in all directions (Tr. 454, 451, 447, 368) or limited with rotation and extension (Tr. 360, 357, 342, 334, 331, 814), and the worst of his pain was caused by bending forward (Tr. 715). A second example is the ALJ's failure to consider the greatest source of [Plaintiff's] pain. While the ALJ cited "tenderness", she failed to cite the multiple records that documented "severe" pain upon palpation of the SI joint bilaterally. More importantly, the ALJ did not even discuss the diagnoses of sacroiliac joint [dysfunction] that caused the severe pain (Tr. 348, 342, 339, 334, 331).

(DE 27, pp. 2-3.)

However, the Report comprehensively and ably discussed Plaintiff's medical records. In particular, the Report states:

> review of the ALJ's decision reveals that the ALJ did not rely solely on the absence of objective medical evidence to discount Plaintiff's subjective complaints. Rather, in accordance with the regulations, the ALJ considered the longitudinal medical record of Plaintiff's pain, along with his alleged symptoms, the diagnostic imaging and test results, treatment modalities, and effectiveness of those modalities and reasonably concluded Plaintiff's statements concerning the severity of his symptoms were inconsistent with the other evidence. See 20 C.F.R. § 404.1529

4

(c)(2) ("Objective medical evidence . . . is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms and the effect those symptoms . . . may have on your ability to work . . . ."); SSR 16-3p, 2016 WL 1119029, at *5 ("A report of minimal or negative findings or inconsistencies in the objective medical evidence is one of the many factors we must consider in evaluating the intensity, persistence, and limiting effects of an individual's symptoms.").

Plaintiff argues that the ALJ failed to evaluate records supporting the severity of Plaintiff's allegations. However, the ALJ discussed and considered both positive and negative findings, and she properly considered and resolved conflicting evidence. It is not within this court's purview to second guess her decision. See Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]."); Keene v. Berryhill, 732 F. App'x 174, 177 (4th Cir. 2018) ("There were a number of conflicts in the evidence here, and we do not second guess the ALJ in resolving those conflicts.").

(DE 26, pp. 10.)  Accordingly, the Court overrules Plaintiff's first objection.

Second, as to Plaintiff's objection about the failure of "the ALJ [] to properly consider all of [Plaintiff's] symptoms and the medical evidence that supported those symptoms" (DE 27, p. 4), the Report states:

> the ALJ's discussion of the medical evidence includes many of the records that Plaintiff argues support his complaints of disabling pain, including records documenting pain, tenderness, antalgic gait, weakness, and limited relief from injections. However, the ALJ contrasted those findings with records demonstrating normal muscle, strength, motion, and gait, as well as the most recent examination resulting in the prescription for a spinal cord stimulator.

(DE 26, pp. 10-11.)  And Plaintiff argues, "A reader of the ALJ's decision would have no knowledge of the diagnosis of sacroiliac joint dysfunction, physical examinations documenting severe tenderness of the SI joints, or subjective reports of difficulties sitting due to hip pain," and "The ALJ omitted all but one record of SI joint injections, yet the evidence shows Giuffre was diagnosed with sacroiliac joint dysfunction of both sides and sacrococcygeal disorders (Tr. 451, 447, 445, 303, 713, 738, 749)."  However, Plaintiff's suggestion that the ALJ was required to do even more by summarizing every treatment note in greater detail lacks merit.  *See Reid v. Comm'r*

5

*of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014) (explaining that "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision."). And since this Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ[]" *Johnson*, 434 F.3d at 653, the Court overrules Plaintiff's objection.

Lastly, as to Plaintiff's objection about the ALJ erring in finding Dr. Williams's opinion unpersuasive (*id.*, p. 7), Plaintiff argues, among other reasons, the following:

> on August 28, 2020 Dr. Williams also found Giuffre had bilateral sacroiliac joint tenderness (Tr. 371). Giuffre continued to be treated at Mountain Valley Orthopedics beyond the opinion and not all of his visits were telehealth visits. On August 31, 2020, Giuffre had limited range of motion and pain with rotation and extension of the lumbar spine (Tr. 368). On October 13 and 14, 2020, Giuffre had limited range of motion and pain with rotation and extension of the lumbar spine and SIJ tenderness bilaterally (Tr. 360). On November 23 and December 9, 2020, as well as January 6, 13, and February 3, 2021 Giuffre had severe pain upon palpation of the SI joint bilaterally, positive FABER, pelvic compression and thigh trust tests were positive for sacroiliac joint [dysfunction] (Tr. 331, 334, 339, 342, 348). On February 26, 2021, Dr. Williams wrote that Giuffre would continue to be out of work (Tr. 328). Because the ALJ failed to consider this evidence, Giuffre submits the Magistrate Judge's conclusion that the ALJ properly considered the supportability of the opinion with the evidence is in error.

(DE 27, pp. 8-9.) Further, "three other providers also documented objective evidence that showed Giuffre suffered from significant pain and reduced range of motion." (*Id.*, p. 9.) Here, the ALJ complied with the revised regulations by considering Dr. Williams's opinions and explaining why they were "unpersuasive" under the pertinent regulatory factors (DE 9-2, p. 65). As the Report properly concludes, the ALJ addressed the "supportability" factor by explaining that Dr. Williams did not provide a narrative explanation for his findings and the assessed limitations were unsupported by his examination findings (*id.*). Indeed, in August 2020, Dr. Williams noted that Plaintiff had antalgic gait and tenderness throughout the lumbar spine but full (5/5) strength in all muscle groups, intact sensation, no muscle spasms, and full range of motion of the lumbar spine and lower extremities (DE 9-7, p. 71). All other treatment notes from Dr. Williams were telehealth

6

visits with no physical examination findings being recorded (*id.*, pp. 28, 37, 45, 54, 63, and 66). *See* 20 C.F.R. § 404.1520c(c)(1).

The Report also correctly noted that the ALJ addressed the consistency factor by explaining Dr. Williams's opinion was issued shortly after the relevant period, and it was inconsistent with the later evidence showing largely unremarkable physical examination findings and mild objective imaging (DE 9-2, p. 65).  Indeed, Plaintiff's physical examinations showed lumbar tenderness and an occasionally antalgic gait but were otherwise unremarkable, showing full strength, normal range of motion, intact sensation, and no neurological deficits (DE 9-2, pp. 71, 113, 119, 127, 356, 363, 374, 407, 412, 416-18, 437, 442-43, 448, 525).  Similarly, objective diagnostic studies produced mostly mild findings (*id.*, pp. 71, 188-93, 407, 509).  These findings were inconsistent with Dr. Williams's extreme opinions (DE 9-2, p. 64). *See* 20 C.F.R. § 404.1520c(c)(2).  Therefore, in light of the Report's specific discussion regarding Plaintiff's arguments, the Court overrules Plaintiff's collective objections.

## CONCLUSION

For these reasons, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

_____

Florence, South Carolina
September 13, 2024